UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHEYEANNE RIVER CROSBY,

    Plaintiff,

v.                                                   Case No. 1:20-cv-220-AW/MJF

KILOLO KIJAKAZI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Cheyeanne River Crosby brings this action under 42 U.S.C. § 405(g) to seek review of a final adverse decision of the Commissioner of the Social Security Administration. Because the Commissioner applied the proper legal standards, and his decision is supported by substantial evidence, the undersigned respectfully recommends that the District Court affirm the Commissioner's decision.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Procedural History

In fall 2017,[2] Plaintiff applied for supplemental security income ("SSI"). Tr. 173-78.[3] In her application, Plaintiff alleged that she became disabled on August 1, 1997. Tr. 173. The Social Security Administration ("SSA") denied her claim initially and on reconsideration. Tr. 66-92. On September 12, 2019, Plaintiff, represented by counsel, appeared and testified by video at a hearing before an Administrative Law Judge ("ALJ"). Tr. 34-65. On September 24, 2019, the ALJ issued a written decision in which he found that Plaintiff was not disabled. Tr. 17-27. The Appeals Council denied Plaintiff's request for review. Tr. 1-8. Thus, the ALJ's decision stands as the final decision of the Commissioner, subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). This appeal followed.

## II. Findings of the ALJ

In denying Plaintiff's claim, the ALJ made the following findings:

---

[2] It appears that Plaintiff filed her SSI application on October 16, 2017. Tr. 173-78. The ALJ's decision, however, states that she filed her application for SSI on September 27, 2017. Tr.17. Neither party challenges the application date on appeal, and the application date appears to have no bearing on the ALJ's ultimate decision.

[3] All references to "Tr." refer to the transcript of the Social Security Administration ("SSA") record filed on June 11, 2021. Doc. 14. The page numbers cited herein are those found on the bottom right corner of each page of the transcript, rather than the page numbers that were assigned by the court's electronic docketing system.

1. Plaintiff had not engaged in substantial gainful activity since September 27, 2017, the SSI application date;

2. Plaintiff had the following severe impairments: epilepsy; anxiety and obsessive-compulsive disorders; neurocognitive disorders; and depressive, bipolar, and related disorders;

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments;

4. Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [S]he can never climb ladders/ropes/scaffolds. In terms of environmental limitations, she should avoid all exposure to hazards, such as machinery with moving mechanical parts and cannot operate a motor vehicle in the work setting. In terms of mental limitations, she is limited to the performance of simple and routine tasks with no written instructions, can only occasionally interact with the general public, can only occasionally interact with co-workers, but with no tandem or group tasks required, can tolerate only occasional over the shoulder supervision, and is limited to low-stress work, which [the ALJ] define[d] as no fast-paced assembly line or strictly-monitored daily production quota requirements, and few changes in a routine work setting. In addition, [she] would be off task up to 10% of the time due to seizures and mental health and/or would miss up to 1 day per month (unscheduled) in a calendar year due to seizures.

5. Plaintiff had no past relevant work, but considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform; and

6.     Plaintiff was not disabled, as defined in the Social Security Act, since September 27, 2017, the SSI application date. Tr. 19-27.

### III. STANDARD

This court's review of the Commissioner's final decision is limited. This court may not "decide the facts anew, reweigh the evidence, or substitute its judgment for that of the [Commissioner]." *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 (11th Cir. 2021) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Instead, this court reviews to ensure that the Commissioner's decision is supported by substantial evidence in the record and was a result of the application of proper legal standards. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If so, this court cannot disturb the Commissioner's decision. 42 U.S.C. § 405(g); *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The threshold for the evidentiary sufficiency in Social Security cases is not high. *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154 (2019). Although substantial evidence is "more than a mere scintilla," it is not a preponderance; it requires only "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Id.* at __, 139 S. Ct. at 1154; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence.

*Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

Pursuant to 20 C.F.R. § 416.920(a)(4)(i)-(v),[4] the Commissioner analyzes a disability claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments or combination of impairments that meet or equal those listed in 20 C.F.R. Part 404?

4. Does the individual have the RFC to perform work despite limitations and are there any impairments that prevent past relevant work?

5. Do the individual's impairments prevent other work?

The claimant bears the burden of establishing a severe impairment that keeps her from performing past relevant work. *Id.* § 416.912; *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020) ("A claimant bears the burden at the first four steps."). If the claimant establishes such an impairment, the burden shifts to the Commissioner at Step Five to show the existence of other jobs in the national economy that, given all of the claimant's impairments, the claimant can perform. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir. 2021);

---

[4] Generally, the same legal standards apply to claims for disability insurance benefits ("DIB") and SSI, but separate parallel statutes and regulations exist for DIB and SSI claims. *See* 20 C.F.R. §§ 404, 416. Thus, citations of statutes or regulations found in quoted court decisions in this report and recommendation should be considered to refer to the appropriate parallel provision.

*Goode*, 966 F.3d at 1278. If the Commissioner carries this burden, the claimant then must prove that she cannot perform the work suggested by the Commissioner. *Goode*, 966 F.3d at 1279; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

### IV. PLAINTIFF'S MEDICAL HISTORY AND HEARING TESTIMONY

**A.     Relevant Medical History[5]**

Between May 2016 and May 2019, Plaintiff's appointments frequently revealed that Plaintiff had normal strength and muscle tone in all extremities.[6] Tr. 646-47, 653, 668, 675, 690-91, 773, 894, 902, 1018. Plaintiff's gait was normal, Tr. 647, 654, 675, 668, 692, 697, 774, 800, 804, 807, 812, 819, 825, 829, 832, 894, 902, 967, 973, 1018, and she had normal reflexes and coordination, Tr. 647, 653, 668, 675, 691, 774, 894, 902. Although Plaintiff occasionally complained of back pain, Plaintiff's appointments revealed a normal range of motion throughout her body. Tr. 646, 653, 690, 698, 810, 825, 829, 832, 977, 1025. Additionally, Plaintiff denied musculoskeletal-related issues. Tr. 773, 899, 1000, 1030.

---

[5] The undersigned summarized only the medical history directly relevant to the issues raised by Plaintiff on appeal. Medical evidence related to Plaintiff's mental impairments, among other evidence, is not included in the summary.

[6] In SSI cases, claimants must show a disability between the date of the SSI application and the date of the ALJ's decision. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The undersigned, therefore, summarized only the medical history on or around September 17, 2017—the date Plaintiff filed her SSI application—through September 24, 2019—the date of the ALJ's opinion.

B.     **<u>Summary of the Hearing Testimony</u>**[7]

On September 12, 2019, Plaintiff, represented by counsel, appeared before the ALJ. Tr. 34-65. Plaintiff testified that her volunteer work ranged from cleaning dishes to janitorial work. Tr. 42. Plaintiff testified that she sometimes walks or rides a bicycle as a mode of transportation. Tr. 50. On a normal day, Plaintiff, among other things, plays with and cares for her dogs and does chores around the house. Tr. 52. Plaintiff also testified that she attends yoga and self-defense classes. Tr. 53. Plaintiff did not relate her inability to work to any physical impairment. *See* Tr. 43, 54-56.

### IV. DISCUSSION

On appeal, Plaintiff argues that the ALJ did not consider Plaintiff's impairments in combination because, otherwise, the ALJ would have included exertional limitations in Plaintiff's RFC. Doc. 18 at 29-32. Plaintiff's argument apparently hinges on the ALJ's failure to exclude "heavy work" and "very heavy work" from the RFC determination. *Id.* at 32.

At Step Four, the ALJ determines a claimant's RFC, which encompasses a claimant's remaining ability to do work despite her limitations. 20 C.F.R. § 416.945(a)(1); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d at 1268 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). This includes a claimant's "ability

---

[7] The undersigned summarized only the hearing testimony directly relevant to the issues raised by Plaintiff on appeal.

to lift and carry weight, sit, stand, push, pull, walk, etc., as well as the claimant's mental abilities." *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1064 (11th Cir. 2021).

In determining the claimant's RFC, the ALJ must consider all of the claimant's medically determinable impairments, severe and non-severe alike. *Schink*, 935 F.3d at 1268-69 (citing *Bowen v. Heckler*, 748 F.2d 629, 634-35 (11th Cir. 1984)); *see* 20 C.F.R. § 416.945(b) (noting that an RFC accounts for "the nature and extent of [a claimant's] physical limitations). "A claimant's impairments and related symptoms, including pain, may impose exertional and non-exertional limitations on her ability to meet the demands of certain jobs." *Douglas v. Comm'r, Soc. Sec. Admin.*, 832 F. App'x 650, 655 (11th Cir. 2020) (citing 20 C.F.R. § 416.969a(a)). Exertional limitations are limitations imposed by the claimant's "impairment(s) and related symptoms, such as pain, [that] affect only [the claimant's] ability to meet the strength demands of jobs (sitting, standing, walking, lifting, carrying, pushing, and pulling)." 20 C.F.R. § 416.969a(b). If the ALJ's RFC assessment is supported by substantial evidence and is the result of the application of proper legal standards, a court cannot disturb it. *Carnes*, 936 F.2d at 1218.

At the outset, Plaintiff does not allege *how* her impairments or symptoms impose exertional limitations on her ability to work. 20 C.F.R. § 416.969a(b) (noting that "exertional limitations" are limitations *imposed by* the claimant's

"impairment(s) and related symptoms"); *Schink*, 935 F.3d at 1268 (citing *Lewis*, 125 F.3d at 1440). Plaintiff instead includes only a passing reference to her scoliosis and back pain. Doc. 18 at 32. Plaintiff's conclusory argument is insufficient to show that the ALJ's RFC determination is unsupported by substantial evidence. *Moore*, 405 F.3d at 1213 n.6 (noting that "the mere existence" of an impairment "does not reveal the extent to which [it] limit[s] [the plaintiff's] ability to work or undermine the ALJ's determination in that regard") (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)); *Tatelman v. Colvin*, 296 F. Supp. 3d 608, 611 (W.D.N.Y. 2017) (noting that substantial evidence supported an ALJ's RFC determination that the plaintiff was able to "perform a full range of work at all exertional levels" when the plaintiff's treatment notes included no evidence of exertional limitations).

Turning to the RFC determination, the ALJ found that Plaintiff could "perform a full range of work at all exertional levels" with some non-exertional limitations. Tr. 22. The ALJ noted that in determining Plaintiff's RFC, he considered all of Plaintiff's impairments and symptoms and the extent to which these impairments and symptoms could reasonably be accepted as consistent with the objective medical evidence and other record evidence. Tr. 22, 25.

At least three portions of the record evidence support the ALJ's determination. First, evidence from Plaintiff's medical appointments. Plaintiff's appointments revealed normal strength and muscle tone in all of her extremities. Tr. 24, 646-47,

653, 668, 675, 690-91, 773, 894, 902, 1018. Plaintiff's gait, reflexes, and coordination were normal. Tr. 24, 647, 653-54, 668, 675, 691-92, 697, 774, 800, 804, 807, 812, 819, 825, 829, 832, 894, 902, 967, 973, 1018. Although Plaintiff occasionally complained of back pain, Plaintiff had a normal range of motion throughout her body, and she often denied musculoskeletal-related issues. Tr. 24, 646, 653, 690, 698, 773, 810, 825, 829, 832, 899, 977, 1000, 1025, 1030.

Second, in the adult function report that Plaintiff submitted to the SSA on October 29, 2017, Plaintiff reported that her "illnesses, injuries, or conditions" do not affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, and use her hands. Tr. 207. Plaintiff also reported that there is no limit on her ability to walk; that she attends self-defense and yoga classes; and that she is able to clean, do laundry, and take out the trash. Tr. 22-23, 204, 206-07. These activities evidence Plaintiff's ability to participate in activities without physical limitation.

Third, the disability determination services ("DDS") physicians' evaluations from November 2017 and March 2018, which note that the DDS physicians found that Plaintiff had no exertional limitations. Tr. 24, 66-75, 77-91. The ALJ found the DDS physicians' findings persuasive for three reasons: (1) their findings were "consistent with the bulk of the medical evidence"; (2) the DDS physicians were "familiar with program rules and the expected limitations of impairments"; and (3)

and the DDS physicians "had the opportunity to review a substantial portion of the medical evidence" before making their findings. Tr. 24-25.

Aside from the substantial support for the ALJ's RFC determination found in the record evidence, any potential error in the ALJ's RFC determination likely would be harmless. All of the occupations that the ALJ found Plaintiff capable of performing qualify as "medium work." Tr. 26; 20 C.F.R. § 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."). Because Plaintiff does not identify an impairment or symptom of an impairment that would prevent her from performing "medium work," eliminating "heavy work" and "very heavy work" from Plaintiff's RFC would not alter the ALJ's RFC determination. *See Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007) (holding that the ALJ's faulty hypothetical was harmless because the "only job identified by the VE in response to the hypothetical" was a job that the plaintiff was capable of performing); *Robinson v. Colvin*, No. 13-175-JJB-RLB, 2014 WL 4278840, at *3 (M.D. La. Aug. 28, 2014) (upholding the ALJ's RFC determination because even though the plaintiff could not perform a full range of work at all exertional levels, the ALJ also found the plaintiff capable of performing "sedentary work," "light work," and "medium work") (collecting similar cases).

Substantial evidence supports the ALJ's decision not to include exertional limitations in Plaintiff's RFC. *Carnes*, 936 F.2d at 1218. Plaintiff has failed to demonstrate otherwise.

## V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **AFFIRM** the Commissioner's decision, and **DISMISS** this action is in accordance with this order.

2. Enter **FINAL JUDGMENT**, pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the decision of the Commissioner.

3. Direct the clerk of the court to close the case file.

At Pensacola, Florida, this 12th day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**